**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS FERNANDO YANCOR-BOLUX (A No. 246-934-264),<br><br>                          Petitioner,<br><br>v.<br><br>WOFFORD, et al.,<br><br>                          Respondents. | Case No. 1:26-cv-04562-JLT-EPG<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

Before the Court is Luis Fernando Yancor-Bolux's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 5.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition. (Doc. 1).

## I.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## II.    FACTUAL BACKGROUND

Petitioner is a citizen of Guatemala who first entered the United States in December 2022. He was not encountered by federal immigration officials at that time.[1] (*See* Doc. 1 at 1; Doc. 2 at 4–5; Doc. 6-1 at 1–2.) Since entering the U.S., Petitioner has resided in the country continuously for the past three years. (Doc. 2 at 5.) Petitioner either planned to apply or is in the process of applying for a U-visa, after his seven-year-old daughter was sexually assaulted and he was given sole custody of her. (*See* Doc. 1 at 1.) Petitioner was arrested by local police on December 23, 2025, on allegations of assault with a deadly weapon, infliction of corporal injury, and false imprisonment under Cal. Pen. Code §§ 245(A)(1), 273.5(A), 236, respectively. (Doc. 6-1 at 2.) On February 2, 2026, Petitioner pled guilty to one count of false imprisonment, and the other charges were dismissed. (Doc. 6 at 3; Doc. 6-2 at 5; *see also* Doc. 6-3 at 13–15.) ICE subsequently detained the Petitioner on February 2, 2026, upon his release from Napa County jail. (*See* Doc. 6-1 at 2.) That same day, DHS issued a Notice to Appear charging Petitioner as removable under INA § 212(a)(6)(A)(i). (Doc. 6-4 at 1.) Petitioner was then transferred to the Mesa Verde Detention Facility in Bakersfield, California, where he remains. (Doc. 1 at 2.) Petitioner is not currently subject to a final order of removal.[2]

## III.    DISCUSSION

The government filed an opposition to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2).

---

[1] There is no indication in the record that Petitioner was encountered upon entry into the United States. (*See* Docs. 1, 6.) Instead, Petitioner was only recently charged as removable on February 2, 2026, (Doc. 6-4 at 1), the same day he was arrested by ICE upon his release from Napa County Jail. (*See* Doc. 6-1 at 2.) Petitioner also indicates that he "entered the United States without inspection and was not apprehended at the border," and "was not apprehended at the time of entry." (Doc. 2 at 5.) Thus, the Court concludes that Petitioner was living in the United States for years unencountered until his recent arrest in February 2026.

[2] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that his case remains pending with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 7, 2026).

(Doc. 6 at 1–3.) This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Furthermore, courts nationwide, including this one, have rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because there is no evidence that Respondents have yet obtained an administrative warrant or provided Petitioner any kind of initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

1.      Petitioner's petition for writ of habeas corpus (Doc. 1) is **GRANTED**;

2.      **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

3.      Thereafter, if Petitioner is not released, and no arrest warrant has been issued,

3

Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

4. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[3]

6. The Clerk of Court is directed to serve the Mesa Verde Detention Facility in Bakersfield, California with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  July 7, 2026

UNITED STATES DISTRICT JUDGE

---

[3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.